PER CURIAM:
*194 Claimant brought this action for vehicle trailer damage which occurred when his trailer struck a tree when he was traveling on Route 34 in Hurricane, Putnam County. Route 34 is a road maintained by respondent in Putnam County. The Court i s of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on July 17, 1998, at about 5:001 o 6:0 0 p .m. O n t he a ftemoon in qu estion, c laimant w as h auling a 1 oaded twenty-four foot Pace American enclosed car trailer with his 1990 Ford F-250 truck on Sunnybrook Road to drive to a specific location to apply for a new State inspection sticker. His vehicle trailer is about forty to forty-two feet long, eight feet high and eight feet wide. As claimant traveled on Sunnybrook Road to the point where he was within approximately six hundred feet to the entrance of Route 34, he encountered oncoming traffic and slowed the speed of his vehicle to less than twenty-five miles per hour. At this location, the road has a slight downward grade and is nineteen feet wide. Claimant observed a tree leaning into the roadway about one hundred feet away. As claimant approached the tree leaning into the road, his trailer was struck by the tree approximately one foot from the top of the eight foot trailer. Claimant travels this road regularly, but he had never had any trouble driving by the leaning tree on previous occasions. The property owner where the tree was located informed claimant that the tree was in respondent’s right of way. The resulting damage to claimant’s vehicle trailer was in the amount of $1,565.15. However, claimant had a deductible feature of $250.00 in his insurance coverage policy which would limit any recovery to that amount.
The position of respondent was that it did not have actual or constructive notice of the condition of the tree leaning into the traveled portion of Route 34. Respondent’s right of way in this location is thirty feet, being fifteen feet on either side of the centerline of the traveled highway. According to testimony from respondent’s District 1 Crew Leader Gary E. Stanley who conducted an investigation on Friday, July 7, 1998, after receiving claimant’s complaint, he determined that the tree itself was not in respondent’s right of way. From the edge of the road to the tree trunk was twelve feet which meant the tree was about seven to eight feet from the State’s right-of-way. The Crew Leader also observed that the tree was leaning, and he made plans to remove the tree the following week. By the following week, however, the tree had been removed, but not by respondent. According to respondent’s Crew Leader, the property owner where the tree was located informed him that he had removed the tree. Respondent had no prior information regarding the condition of the tree or that it may have posed a danger to the traveling public before receiving claimant’s complaint.
The Court has held in prior claims that when the evidence establishes that respondent does not have notice of a hazard, such as a leaning tree, and a reasonable *195 opportunity to remove it, respondent will not be held liable. Jones v. Division of Highways, 21 Ct. Cl. 445 (1995).
The evidence adduced at the September 3, 1999, hearing establishes that respondent had no notice that the tree posed a hazard to the traveling public. Consequently, there is insufficient evidence of negligence upon which to base an award.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.